# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| STEFAN RONNELL EVANS, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| SHERIFF NEIL WARREN, et al., | : | CIVIL ACTION NO. |
|     Defendant. | : | 1:12-CV-1685-TWT-JFK |

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's failure to pay the initial partial filing fee and on Plaintiff's December 10, 2012, notice. (Doc. No. 13). The Court twice ordered Plaintiff to pay a $22.00 initial partial filing fee. (Doc. Nos. 7, 9). On November 16, 2012, the Court found –

> It appears that it is Plaintiff's depletion of his account that has delayed the payment of the initial partial filing fee. However, it appears that payments will be made, and the Court finds no reason to dismiss this action at this time. Plaintiff is cautioned that depleting his account in an attempt to avoid compliance with the Court's prior Order may be grounds for dismissal. This matter shall proceed no further until the initial partial filing fee is paid.

(Doc. No. 12 at 2 (footnote omitted)). On December 10, 2012, Plaintiff filed a notice stating that he had $76.01 (Plaintiff did not pay the initial partial filing fee) and stating that he was being sent to Coastal State Prison and would "get in contact with" the Court. (Doc. No. 13). The Court has contacted the Cobb County Adult Detention

Center, the place of Plaintiff's address of record, and officials at the Center have stated that Plaintiff left that facility on December 4, 2012, and is no longer there. Further, the official web-site for the Georgia Department of Corrections does not show that Plaintiff is confined in Coastal State Prison or at any other institution within the Georgia Department of Corrections. See www.dcor.state.ga.us (follow "Find an Offender" hyperlink) (last visited December 28, 2012). As of December 28, 2012, Plaintiff has not paid the initial partial filing fee, provided the Court with an updated address, or notified the Court of his whereabouts. Under Local Rule 41.2 C., "[t]he failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice . . . ." As this Court has no information regarding Plaintiff's whereabouts, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.2.

**IT IS SO ORDERED**, this 2nd day of January, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)